UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEVON BLAKE BADON** | : | **DOCKET NO. 2:21-cv-0682**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **SHERIFF'S OFFICE CAMERON**<br>**PARISH, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the Court is the civil rights complaint [doc. 5], filed pursuant to 42 U.S.C. § 1983, by plaintiff Devon Blake Badon, who is proceeding pro se and in forma pauperis in this matter. Plaintiff initially filed his complaint as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1. His petition raised claims against the officers who searched his vehicle and arrested him, as well as the driver of the other vehicle involved in the accident. He did not submit a filing fee, or a request to proceed in forma pauperis, and because he sought monetary damages and raised constitutional issues related to his arrest, he was ordered to file either a civil rights complaint, or a petition for writ of habeas corpus, and submit the appropriate filing fee or request to proceed in forma pauperis. The instant § 1983 complaint followed.

## I.
### BACKGROUND

Plaintiff alleges that on January 20, 2021, he was involved in an automobile accident in which defendant, Jennifer Netherland, rear-ended him. Doc. 5, p. 3. Plaintiff did not have a cellular phone and asked Ms. Netherland to call the police. *Id.* He asserts that Ms. Netherland did

not have a driver's license, insurance or registration, and asked him to bring her to her place of employment.

Thirty-eight minutes later, Deputies Craddock and LaPoint arrived. Plaintiff alleges that Craddock and LaPoint used excessive force, busting his nose, using a Taser multiple times and kneeling on his neck. *Id*. Further, he alleges that Ms. Netherland had drugs in her possession and was impaired, and the incident was "not properly assessed." *Id*.

Plaintiff is currently incarcerated at the Cameron Parish Jail on unknown charges. He names as defendants the Cameron Parish Sheriff's Office, Joshua Brian Craddock, Brady Allen LaPoint, Jennifer Netherland, Teresa Smith and Chris Spiler, Jr. He seeks monetary compensation, asks that personal relationships between Officer Spiler and Ms. Netherland be investigated, that the officers be terminated from their employment, that Ms. Netherland to be "charged justly, " and seeks immediate release from jail. *Id*. at p. 4.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Badon has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When

determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003). Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

### C. *Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

    (1)    the name(s) of each person who allegedly violated plaintiff's constitutional rights;

    (2)    a description of what actually occurred or what each defendant did to violate plaintiff's rights;

    (3)    the place and date(s) that each event occurred; and

    (4)    a description of the alleged injury sustained as a result of the alleged violation.

Plaintiff names Spiler and Smith as defendants but fails to allege sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them. Plaintiff should amend his complaint to provide the information required by Rule 8. Specifically, he should

particularly describe in detail the faults alleged by Spiler and Smith and the injuries he sustained as a result.

### D. Improper Parties

#### a. Cameron Parish Sheriff's Department

According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Louisiana courts uniformly hold that sheriff's offices or sheriff's departments are not juridical entities. *Sipes v. City of Monroe*, 2013 U.S. Dist. LEXIS 46965, 2013 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases). Accordingly, Badon's claims against the Cameron Parish Sheriff's Department must be dismissed.

#### b. Jennifer Netherland

Plaintiff has named Jennifer Netherland as a defendant but has failed to allege facts to establish that the she is a state actor. In order to recover under §1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 98 S.Ct. 1729, 1733 (1978). In order to prove the deprivation of a right protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). In §1983 actions alleging the deprivation of due process rights, the Fourteenth Amendment's 'state action' requirement and § 1983's

'under color of state law' requirement collapse into a single inquiry." *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 203 (5th Cir.1996).

In some circumstances, a private party may be acting "under color of state law" and held liable under § 1983. *See Adickes v. S.H. Kress & Co.*, 90 S.Ct. 1593, 1605-06 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). A private party can be held to be a state actor under only three circumstances, (1) where there is a sufficiently close nexus between the state and the challenged action of the private party so that the action of the party may be fairly treated as that of the state itself, (2) where the private party has exercised powers that are "traditionally the exclusive prerogative of the state," or (3) where the state has exercised coercive power or has provided such significant encouragement, either overt or covert, that the action of the private party must in law be deemed to be that of the state. *Blum v. Yaretsky*, 102 S.Ct. 2777, 2786 (1981).

Plaintiff has not alleged facts to support a finding that Netherland acted under color of law, conspired with a state actor, or exercised powers that were traditionally the exclusive prerogative of the state and, therefore, has failed to state a claim under Section 1983 against Jennifer Netherland.

Badon also asks that this Court bring criminal charges against Netherland. It is well settled that private citizens do not have a constitutional right to have an individual criminally prosecuted. *See, Linda R.S. v. Richard D.,* 93 S. Ct. 1146 (1973); *Joseph v. Lewis*, 95 F.3d 54, 1996 WL 460071, at *1 (5th Cir. 1996) (Table, Text in Westlaw); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

### E. *Theories of the Complaint*

#### a. *Excessive Force*

Badon should amend his complaint to allege facts to demonstrate that the use of force was a violation of his Constitutional rights and not an appropriate exercise of force under the circumstances. He should also state whether any criminal charges related to the incident in question were filed, and if so, the status of those charges. If charges were filed, and if he stands convicted of those charges, plaintiff's suit may be barred by the *Heck* Doctrine. *See Heck v. Humphrey*, 114 S.Ct. 2364 (1994) (holding that dismissal is required when a state prisoner whose conviction or sentence has not been declared invalid seeks damages in a § 1983 suit and a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence); and *Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir.1996) (holding an excessive-force claim was barred by *Heck* where it would imply the invalidity of a conviction for battery).

### F. *Injunctive Relief*

#### a. *Release from Jail and Criminal Charges Dismissed*

Badon prayed for all charges pending against him to be released and for his immediate release from confinement. However, such relief is not available in a civil rights action filed pursuant to §1983. See *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. See *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994). A habeas petition, on the other hand, is the proper vehicle to seek release from custody. See *Pugh v. Parish of St. Tammany,* 875 F.2d 436, 439 (5th Cir.1989)).

Therefore, plaintiff's §1983 complaint, insofar as it sought his immediate release from custody must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

### *b. Termination of Defendants*

Badon asks that the officers be terminated from their jobs at the Cameron Parish Sheriff's Office for their actions against him. However, even if the defendants' acts were criminal, Badon fails to allege how this entitles him to this redress under § 1983.

Federal courts ordinarily accord great deference to the internal administrative decisions of prison officials. *Royal v. Clark*, 447 F.2d 501, 502 (5th Cir. 1971); *Krist v. Smith*, 439 F.2d 146, 147 (5th Cir. 1971); *Haggerty v. Wainwright*, 427 F.2d 1137, 1138 (5th Cir. 1970). In fact, the Supreme Court has continuously cautioned federal courts not to assume "a greater role in decisions affecting prison administration." *Shaw v. Murphy,* 121 S. Ct. 1475, 1480 (2001). The Court finds that it would be against that precedent and the public's interest, if not an abuse of judicial resources, to entertain Badon's request for this relief. *See Ware v. Tanner*, No. 12-2250, 2013 U.S. Dist. LEXIS 146845, at *13 (E.D. La., Oct. 10, 2013).

### III.
### CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims plaintiff is unable to cure through amendment.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal**

-9-

**Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3.**

THUS DONE AND SIGNED in Chambers this 23rd day of June, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE